IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Allen Oliver,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Tucson, et al.,<br><br>　　　　Defendants. | No. CV-11-334-DCB-DTF<br><br>**REPORT AND RECOMMENDATION** |

　　　　Defendants filed two motions to dismiss (Docs. 48, 50) and the Court ordered Plaintiff to respond to the pending motions by March 5, and March 12, 2012 (Docs. 49, 52). On February 27, 2012, Plaintiff filed a motion to dismiss the case without prejudice, asserting he would not have access to a law library or a pen until after his release from prison on April 5, 2012. (Doc. 54.) Some of the defendants filed a response, objecting to a dismissal without prejudice, particularly because Plaintiff had filed and dismissed a prior suit against them in state court. (Doc. 54.)

　　　　Federal Rule of Civil Procedure 41 allows a Plaintiff to voluntarily dismiss his case without a court order if the opposing parties have not yet filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). That is the procedural status of this case. However, the rule further provides that the dismissal operates as an adjudication on the

1  merits (a dismissal with prejudice) if "the plaintiff has previously dismissed any federal- or
2  state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B).

3      Plaintiff filed a case in Pima County Superior Court on December 8, 2010 (Doc. 50-1
4  at 8), arising out of the same factual basis as the Amended Complaint pending before this
5  Court (Doc. 32). In the state court case, he named as defendants Reay's Ranch Investor's,
6  Gordon Reay, Tracy Collette, Rod Howard and Brian Couch, alleging malicious prosecution,
7  slander, and intentional and negligent infliction of emotional distress. (*Id.* at 8-19.) While a
8  motion to dismiss by the defendants was pending, Plaintiff sought and was granted dismissal
9  of that matter without prejudice. (*Id.* at 21-22.) Because Plaintiff has voluntarily dismissed
10  a prior action including claims in this suit (negligent and intentional infliction of emotional
11  distress and malicious prosecution) and the suits are based on the same factual premise and
12  claims generally, a voluntary dismissal at this stage would be with prejudice under the rules.

13      In light of the governing rule, the Court issued an order on April 27, 2012, allowing
14  Plaintiff to withdraw his motion to dismiss and respond to the Defendants' pending motions
15  to dismiss. (Doc. 56.) The Order informed Plaintiff that if he did not respond by the set date,
16  May 29, the Magistrate Judge would recommend dismissal of this case with prejudice. That
17  Order was returned as undeliverable because Plaintiff had been released. (Doc. 57.) He did
18  not file a notice of change of address as is required by LRCiv 83.3(d) and directed in the
19  Court's service order. (Doc. 14 at 1-2.)

20  **RECOMMENDATION**

21      Because Plaintiff has previously dismissed a state court action based on or including
22  the same claim(s), Plaintiff's voluntary dismissal should be entered with prejudice pursuant
23  to Federal Rule of Civil Procedure 41(a)(1)(B). Based on the foregoing, the Magistrate Judge
24  recommends that the District Court GRANT Plaintiff's Motion to Dismiss (Doc. 54) and
25  DISMISS WITH PREJUDICE the Amended Complaint (Doc. 32).

26      Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
27  written objections within fourteen days of being served with a copy of the Report and
28  Recommendation. If objections are not timely filed, they may be deemed waived. If

- 2 -

1  objections are filed, the parties should use the following case number: **CV 11-334-TUC-**
2  **DCB**.
3        DATED this 14th day of June, 2012.

                                          D. Thomas Ferraro
                                      United States Magistrate Judge