**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony Allen Oliver,          ) | |
|         Plaintiff,     ) | CV 11-334 TUC DCB |
| v.                   ) | **O R D E R** |
| City of Tucson, et al.,     ) | |
|         Defendant,    ) | |

     This matter was referred to Magistrate Judge D. Thomas Ferraro, on September 26, 2011, and Judge Ferraro issued a Report and Recommendation (R&R) on June 14, 2012, advising the Court to grant the Plaintiff's motion to voluntarily dismiss his case, with prejudice.

     Plaintiff filed his motion to voluntarily dismiss his case in response to two motions to dismiss filed by the Defendants.  In response to Plaintiff's motion for voluntary dismissal, the Defendants objected to dismissal of the action without prejudice, pursuant to Federal Rule of Civil Procedure 41, because subsection a(1)(B) provides for dismissal to operate as an adjudication on the merits (a dismissal with prejudice) if "'the plaintiff has previously dismissed any federal- or state-court action based on or including the same claim.'" (Doc. 58: R&R at 1-2.)  Plaintiff had previously "voluntarily dismissed a prior action including claims in this suit (negligent and intentional infliction of emotional distress and malicious prosecution) and the suits are based on the same factual premise and claims generally, [therefore] a voluntary dismissal at this stage would be with prejudice under the rules." *Id.* at 2.

     The Magistrate Judge issued an Order allowing the Plaintiff to withdraw his motion to dismiss and respond to the Defendants' pending motions to dismiss.  The Order was returned to the Court as not deliverable because the Plaintiff had been released and not notified the Court

1    of his changed address.  Subsequent to the issuance of the R&R by the Magistrate Judge, the

2    Plaintiff filed a Notice of Change of Address and a motion for an extension of time to respond

3    to the motions to dismiss.  The Court denied the extension of time, but extended the deadline

4    for objecting to the R&R and allowed the Plaintiff to include arguments responsive to the

5    motions to dismiss in his Objection to the R&R.  (Doc. 66.)

6         The time for filing objections has expired, and Plaintiff has not filed any objection.

7         The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set

8    forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district

9    court may "accept, reject, or modify, in whole or in part, the findings or recommendations made

10   by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).  When the parties object

11   to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions

12   of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985)

13   (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need

14   to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United*

15   *States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*); *see also McCall v.*

16   *Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right

17   to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell*

18   *v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is

19   filed, the court need only satisfy itself that there is no clear error on the face of the record in

20   order to accept the recommendation).

21        While there are no objections and review has, therefore, been waived, the Court

22   nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.

23   *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449,

24   455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v.*

25   *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily

26   waive question of law, but is a factor in considering the propriety of finding waiver)).  The

27   Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.

28   *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. §

636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses this action with prejudice.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 58] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Dismiss Case (Doc. 54) is GRANTED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Doc. 48 and 50) are summarily GRANTED, pursuant to LRCiv 7.2(i), for Plaintiff's failure to respond.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 21st day of August, 2012.

David C. Bury
United States District Judge